UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BASRA MOHAMED,<br>                    Plaintiff,<br><br>         v.<br><br>WASHINGTON STATE HUMAN RIGHTS COMMISSION, ET AL.,<br>                    Defendant. | CASE NO. 2:22-cv-01011-JHC<br><br>ORDER |

This matter comes before the Court on pro se Plaintiff's "Oppossition [*sic*] to Order Dismissing Case Without Prejudice." Dkt. # 23. To the extent the "Opposition" should be construed as a motion for reconsideration under LCR 7(h), the Court DENIES it for the following reasons.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff shows neither manifest error or such new facts or legal authority. Plaintiff cites no authority—nor is the Court aware of any—that an amended complaint resets the 90-day time limit for service under Federal Rule of Civil Procedure 4(m).

ORDER - 1

Plaintiff says she served "Defendant"—she does not specify which Defendant—but has submitted no proof of such service. Plaintiff cites *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004), for the proposition that "the service defect was a technicality and should not result in dismissal of the case." But *Brockmeyer* does not apply. There, the court reversed a default judgment for failure to properly serve a foreign company. *Id.*

Finally, the Court reminds Plaintiff that dismissal of this case is *without prejudice*.

Dated this 7th day of March, 2023.

John H. Chun
United States District Judge

ORDER - 2